**Randolph A. OLSON, Plaintiff–Appellant,**

v.

**TEAMSTERS LOCAL NO. 70, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA; United Parcel Service, Inc., Defendants–Appellees.**

No. 03–16195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Nov. 17, 2004.

Christopher W. Katzenbach, Esq., Katzenbach & Khtikian, San Francisco, CA, for Plaintiff–Appellant.

Beeson, Tayer and Bodine, A Professional Corporation, Oakland, CA, W. Daniel Clinton, Hanson, Bridgett, Marcus, Vlahos & Rudy, LLP, San Francisco, CA, for Defendants–Appellees.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM [*]

Randolph Olson appeals the denial of his Fed.R.Civ.P. 60(b) motion and the jury verdict for the United Parcel Service (UPS) on his claim for retaliation. He asserts that there were errors in the jury instructions and on evidentiary rulings. We affirm.

We review de novo Olson's claim that the district court misstated the elements of his retaliation claim. *See Ostad v. Oregon Health Sciences Univ.,* 327 F.3d 876, 883 (9th Cir.2003). The district court properly instructed the jury that the decision maker must have knowledge of protected activity to find an employment act retaliatory. *See, e.g., Raad v. Fairbanks North Star Borough Sch. Dist.,* 323 F.3d 1185, 1197–98 (9th Cir.2003). The district court also properly instructed the jury that the "but for" element of retaliation was met if protected activity was "a motivating factor" for his termination. *See* Ninth Cir. Model Civ. Jury Inst. 12.3A and Comment.

We agree with Olson that the district court erred in charging the jury with the

---

1. *See* Cal.Civ.Proc.Code § 474.

shifting burdens relevant to pretext in a prima facie showing of retaliation. *See Sanghvi v. City of Claremont,* 328 F.3d 532, 540–41 (9th Cir.2003) ("The technical elements of the presumptions and shifting burdens have significant potential to confuse juries."). However, to preserve an argument for appeal, Fed.R.Civ.P. 51(c) requires that a party make a timely objection on the record, "stating distinctly the matter objected to and the grounds of the objection." The Ninth Circuit enforces Rule 51 strictly and there is no "plain error" exception in civil cases. *Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713 (9th Cir.2001). Objection to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. *Id.* Olson did not object to the district court's final jury instructions. He challenged the pretext instruction proposed by UPS as confusing and misleading. However, he proposed an alternative instruction incorporating the burden-shifting analysis. At no point did he object to instructing the jury on pretext. Olson therefore waived this argument. *See Sanghvi,* 328 F.3d at 541 (holding that plaintiffs waived their challenge to pretext instruction by failing to object and requesting alternative pretext instruction).

The record supports the district court's denial of the Rule 60(b) motion on the ground that the alleged new statements were consistent with and cumulative of prior evidence presented. The district court properly found that the evidence would not have changed the jury verdict and did not support a finding of misrepresentation. *See Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878–79 (9th Cir.1990).

Nor does Olson establish that the district court abused its discretion in its re-maining jury instructions and evidentiary rulings.

**AFFIRMED.**

---

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts